OPINION
Bradley Fullenkamp appeals from the denial of his motion for intervention in lieu of conviction. We will reverse and remand for further proceedings.
As a result of a burglary Fullenkamp committed while he was intoxicated, he was indicted for fourth degree felony burglary. R.C.2911.12(A)(4). Fullenkamp moved for intervention in lieu of conviction, provided for in R.C. 2951.041. Intervention in lieu of conviction is the successor to treatment in lieu of conviction, provided for in an earlier version of R.C. 2951.041. After the trial court denied Fullenkamp's motion for intervention, he pleaded no contest to the indictment and was sentenced to two years of community control sanctions.
Fullenkamp assigns as error the denial of his motion for intervention and casts the issue for our review as follows:
 HOW MUCH LATITUDE OR DISCRETION DOES THE TRIAL COURT HAVE IN INTERPRETING OHIO R.C. 2951.041(B)(6) WHEN DETERMINING WHETHER TO GRANT A MOTION FOR INTERVENTION IN LIEU OF CONVICTION?
From the record, including the trial court's entry denying intervention, it would appear that Fullenkamp met all of the statutory criteria for intervention eligibility, including R.C. 2951.041(B)(6):
 The offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.
Nevertheless, the trial court denied intervention, stating its reasons as follows:
 . . . the extent of the Defendant's alcohol problem does not appear to be so grave that his future conduct is permanently linked to alcohol and drug abuse problems. Mr. Fullenkamp has little criminal history and does not appear to be predisposed to criminal behavior. His criminal charges in this matter are related to a "binge" incident of alcohol abuse that was situational in nature. Fortunately, he has little history of chronic alcohol or drug dependency although his drinking problem appears to be increasing.
This Court sparingly grants motions of this nature and does so only in the more serious cases of long-term alcohol/drug abuse where there is a substantial likelihood of additional criminal or anti-social behavior without intervention and where there exist strong of rehabilitation through education and treatment. Intervention in lieu of conviction is not granted merely as an incentive to participate in needed alcohol rehabilitation programs.
While the report from the Adult Probation Department indicates that generally the Defendant is eligible for community control sanctions, after considering all aspects of R.C. 2951.041(B), the Court finds that the Defendant's motion will not be granted.
Fullenkamp contends that the trial court has read too much into R.C.2951.041(B)(6), specifically, the more stringent predicate condition for eligibility contained in the earlier version of R.C. 2951.041 that provided for treatment in lieu of conviction.
The earlier version of R.C. 2951.041, providing for treatment in lieu of conviction, began as follows:
 (A) If the court has reason to believe that an offender charged with a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court shall accept, prior to the entry of a plea, that offender's request for treatment in lieu of conviction. (Emphasis ours). The current version of R.C. 2951.041, providing for intervention in lieu of conviction, begins as follows:
 (A)(1) If an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. (Emphasis ours).
Whether the trial court read too much into subsection (B)(6), as Fullenkamp claims, or into subsection (A)(1), the issue is the same: has the trial court impermissibly engrafted a more stringent predicate condition for eligibility — drug (or alcohol) dependency or the danger of becoming dependent — than intended by the legislature in drafting the current version of R.C. 2951.041.
We think that the answer is yes. If the legislature intended drug or alcohol dependency or the danger of becoming dependent to remain the predicate condition for eligibility, it would have been easy enough for it to have so stated. It didn't do so.
The State contends that whether to grant intervention is discretionary with the trial court and no abuse of discretion has been demonstrated. Indeed, under the current version of the statute, as contrasted with the predecessor statute, the trial court "may reject an offender's request without a hearing." R.C. 2951.041(A)(1); cf. former R.C. 2951.041(A).
While we agree with the State, as does Fullenkamp, that whether to grant intervention in lieu of conviction is discretionary with the trial court — see R.C. 2951.041(C) — we think that the trial court acted arbitrarily and contrary to the legislative intent expressed in R.C. 2951.041(A)(1) when it denied intervention solely because Fullenkamp's alcohol problem was not serious enough. All that the statute requires is that drug or alcohol usage be a factor leading to the offender's criminal behavior, of which there is no doubt in this case.
The decision whether to grant intervention has serious consequences for a criminal defendant. If intervention is granted and the defendant successfully completes the intervention plan, the criminal proceedings are dismissed — R.C. 2951.041(E) — and he or she will have no criminal record. Accordingly, the trial court erred to Fullenkamp's prejudice when it arbitrarily narrowed the eligibility criterion of this salutary statute. We will reverse the judgment and remand this matter to the trial court for further proceedings consistent with this opinion. Our remand is not a direction to the trial court to grant intervention.
The assignment of error is sustained.
BROGAN, J. and GRADY, J., concur.